# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| TRAININGMASK L.L.C., a Michigan limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ANDVARIS VIRTUAL SOLUTIONS, INC. d/b/a ANDVARISSTORE, a Florida corporation, ANTONI FERNANDEZ, individually, and THERESA MARSHALL, individually, <br><br> Defendants. | Civil Action No. _____ <br><br> JURY TRIAL REQUESTED |

## COMPLAINT

Plaintiff, TrainingMask L.L.C. ("Plaintiff"), by its undersigned attorneys, and for its Complaint against the Defendants, Antoni Fernandez, Theresa Marshall, and Andvaris Virtual Solutions, Inc. d/b/a Andvarisstore (collectively, "Defendants") states as follows:

## THE PARTIES

1. Plaintiff is a Michigan limited liability company and has its principal place of business at 1140 Plett Road, Cadillac, Michigan 49601.

2. Defendant Andvaris Virtual Solutions, Inc. d/b/a Andvarisstore ("Andvarisstore"), upon information and belief, is a Florida Corporation and has its principal place of business in Miami-Dade County, Florida.

3. Defendant Antoni Fernandez, upon information and belief, is an individual residing in Broward County, Florida, and is the Chief Operating Officer of Andvarisstore.

4. Defendant Theresa Marshall, upon information and belief, is an individual residing in Broward County, Florida.

**JURISDICTION AND VENUE**

5. This court has personal jurisdiction over each defendant because, upon information and belief, they have transacted business in this State and/or have caused harm or tortious injury in this State by acts therein.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114 and 1121, 28 U.S.C. §§ 1331, 1332 and/or 1338, *et seq.*, and 35 U.S.C. § 281. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the pendant state law claims asserted herein.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**THE INFRINGING ACTIVITIES**

8. On or about April 27, 2016, defendant Antoni Fernandez, using the username "gymsurvivor" reached out via a message on eBay to Plaintiff's distributor, using the username "jerbohr," and made an offer to sell counterfeit Training Mask 2.0 products.

9. Defendant Theresa Marshall was selling counterfeit Training Mask 2.0 products under two eBay listings bearing item numbers 152042590924 and 152042577544.

10. Around May 3, 2016, a different distributor for Plaintiff, #1 Source, placed an order via an email to defendant Antoni Fernandez for three Training Mask 2.0 products.

11. On or about May 5, 2016, defendant Antoni Fernandez confirmed via an email to #1 Source that the Training Mask 2.0 products had been shipped out on May 4, 2016.

12. On or about May 6, 2016, defendant Antoni Fernandez confirmed via an email to #1 Source that the "authenticity holograms" for the Training Mask 2.0 products had been shipped to #1 Source.

13. On or about May 10, 2016, defendant Antoni Fernandez admitted in an email to #1 Source the following, "[t]he Elevation Training Mask 2.0 are copies of the real ones, I

have tested them and compared them to real one's and unless i say something no one can tell the difference at all, even the packaging is exactly the same."

14.     On or about May 11, 2016, #1 Source received the counterfeit Training Mask 2.0 products ("Training Mask Products") and the shipping label reflected the return address for defendant Theresa Marshall.

15.     Around mid-May 2016, #1 Source received the "authenticity holograms" for the Training Mask Products and the shipping label reflected the return address for defendant Andvarisstore.

16.     Based on the foregoing, upon information and belief, all of the Defendants are operating together in their infringing activities.

## THE INTELLECTUAL PROPERTY IN SUIT AND PLAINTIFF'S BUSINESS

17.     Plaintiff owns United States patents for its authentic Training Mask products including:

- U.S. Patent No. 9,067,086, "High Performance Ventilatory Training Mask Incorporating Multiple and Adjustable Air Admittance Valves for Replicating Various Encountered Altitude Resistances" duly issued on June 30, 2015 (**Exhibit A**); and

- U.S. Patent No. 8,590,533, "Adjustable Inhalation Resistance Exercise Device" duly issued on November 26, 2013 (**Exhibit B**).

18.     Plaintiff's authentic Training Mask products and/or its website, www.trainingmask.com/ipr/, are marked with the aforesaid patents in accordance with 35 U.S.C. §287.

19.     Plaintiff owns numerous registered U.S. trademarks, including, but not limited to:

3

- ELEVATION TRAINING MASK®, U.S. Trademark Registration No. 4,094,823 duly registered on January 31, 2012 (**Exhibit C**);

- SIMULATE HIGH ALTITUDE TRAINING®, U.S. Trademark Registration No. 4,594,596 duly registered on August 26, 2014 (**Exhibit D**); and

- TRAINING MASK SIMULATES HIGH ALTITUDE TRAINING & Design®, U.S. Trademark Registration No. 4,509,398 duly registered on April 8, 2014 (**Exhibit E**).

20. Plaintiff develops and sells authentic resistance breathing devices that embody the inventions claimed in the patents identified above (Exhibits A and B).

21. Plaintiff marks its website, its products, and its associated product packaging and inserts with the above-identified trademarks as well. Plaintiff internationally markets and sells its products and uses all of the identified marks. Due to extensive commercial use of the aforesaid marks, Plaintiff has established valuable trademark rights in its marks, goodwill in the marketplace, and extensive recognition of the marks by consumers, all of which represent a highly valuable asset to Plaintiff.

22. Shown below are examples of Plaintiff's patented products, as well as the association of such products with Plaintiff's trademarks.











23. Plaintiff is an industry leader for these products.

24. Plaintiff recently became aware that the Defendants are selling counterfeit products as outlined in detail above.

25. Upon information and belief, true and accurate photos of Defendants' counterfeit Training Mask Products are attached hereto as **Exhibit F**.

26. Defendants' counterfeit Training Mask Products were available on eBay, but those listings have been removed by eBay temporarily pursuant to Plaintiff's request.

27. The purchased counterfeit Training Mask Products, depicted below, include Plaintiff's pending TRAINING MASK & Design mark on the mask valve.



28. Defendants are also misappropriating Plaintiff's trade dress, product packaging, and associated product inserts. In this regard, Defendants are selling and shipping their counterfeit Training Mask Products with counterfeit and copied packaging and with

7

<u>unauthorized copies of Plaintiff's associated product inserts</u> (e.g., the injury waiver and release of liability card), all of which include Plaintiff's corporate name, address, website, and trademarks (see **Exhibit G**).

29. It is clear that the Defendants are advertising and selling counterfeit products that infringe Plaintiff's identified intellectual property rights. Moreover, by counterfeiting Plaintiff's products, the Defendants are engaging in unfair and illegal business practices that must be stopped immediately.

30. On May 25, 2016, Plaintiff, through its lawyers, sent a demand letter to Defendants at three physical addresses and three email addresses, requesting that their infringing activities come to a halt. Defendants failed to respond to Plaintiff's letter or acknowledge it.

## COUNT I
### Patent Infringement: U.S. Patent No. 9,067,086 (" '086 patent")

31. Plaintiff is the owner of the entire right, title, and interest in the '086 patent.

32. Plaintiff has devoted substantial efforts and resources to advertising, promoting, marketing, distributing and selling at least its Training Mask 2.0 product which practices the '086 patent.

33. At least as of May 25, 2016 Defendants had constructive notice of the '086 patent and were provided actual notice of the '086 patent.

34. Defendants have infringed and induced infringement of the '086 patent by importing, using, selling, and/or offering to sell their Training Mask Products throughout the United States, including in this judicial district, which embody the claims of the '086 patent.

35. The importation, use, sale of, and offer to sell of Defendants' Training Mask Products was conducted by the Defendants with the knowledge, intent, and expectation that

the products would be sold and are sold and used throughout the United States, including this judicial district.

36. Defendants' infringement of the '086 patent has been willful, wanton, and with full knowledge of the '086 patent.

37. By reason of Defendants' conduct, Plaintiff suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

38. By reason of Defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

39. Plaintiff is entitled to, among other things, compensation for the foregoing acts of infringement by Defendants, and disgorgement of Defendants' financial gains arising from their respective infringing sales.

40. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, its reputation and goodwill unless it is enjoined by this Court.

## COUNT II
### Patent Infringement: U.S. Patent No. 8,590,533 (" '533 patent")

41. Plaintiff is the owner of the entire right, title, and interest in the '533 patent.

42. Plaintiff has devoted substantial efforts and resources to advertising, promoting, marketing, distributing and selling at least its Training Mask 1.0 and Training Mask 2.0 products which practice the '533 patent.

43. At least as of May 25, 2016 Defendants had constructive notice of the '533 patent and were provided actual notice of the '533 patent.

44. Defendants have infringed and induced infringement of the '533 patent by importing, using, selling, and/or offering to sell their Training Mask Products throughout the United States, including in this judicial district, which embody the claims of the '533 patent.

45. The importation, use, sale of, and offer to sell of Defendants' Training Mask Products was conducted by the Defendants with the knowledge, intent, and expectation that

the products would be sold and are sold and used throughout the United States, including this judicial district.

46. Defendants' infringement of the '533 patent has been willful, wanton, and with full knowledge of the '533 patent.

47. By reason of Defendants' conduct, Plaintiff suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

48. By reason of Defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

49. Plaintiff is entitled to, among other things, compensation for the foregoing acts of infringement by Defendants, and disgorgement of Defendants' financial gains arising from their infringing sales.

50. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, its reputation and goodwill unless it is enjoined by this Court.

<u>**COUNT III**</u>
**Trademark Infringement: ELEVATION TRAINING MASK®, U.S. Trademark Registration No. 4,094,823 (" '823 registration")**

51. Plaintiff is the owner and assignee of the entire right, title, and interest in the '823 registration.

52. Defendants have willfully infringed Plaintiff's trademark by marketing and selling products bearing the ELEVATION TRAINING MASK exact mark as shown below.



53.     At least as of May 25, 2016, Defendants had constructive notice of the '823 registration and were provided actual notice of the '823 registration.

54.     The importation, use, sale of, and offer to sell of Defendants' Training Mask Products was conducted by the Defendants with the knowledge, intent, and expectation that the products would be sold and are sold and used throughout the United States, including this judicial district.

55.     Defendants' infringement of the '823 registration has been willful, wanton, and with full knowledge of the '823 registration.

56.     By reason of Defendants' conduct, Plaintiff suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

57.     By reason of Defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

58.     Plaintiff is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

11

59. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, its reputation and goodwill unless it is enjoined by this Court.

**COUNT IV**
**TRADEMARK INFRINGEMENT: SIMULATE HIGH ALTITUDE TRAINING®,**
**U.S. TRADEMARK REGISTRATION NO. 4,594,596 (" '596 registration")**

60. Plaintiff is the owner and assignee of the entire right, title, and interest in the '596 registration.

61. Defendants have willfully infringed Plaintiff's trademark by marketing and selling products bearing the virtually exact mark of SIMULATE HIGH ALTITUDE TRAINING as shown below on Defendants' counterfeit packaging.



62. At least as of May 25, 2016 Defendants had constructive notice of the '596 registration and were provided actual notice of the '596 registration.

63. The importation, use, sale of, and offer to sell of the Training Mask Products was conducted by the Defendants with the knowledge, intent, and expectation that the products would be sold and are sold and used throughout the United States, including this judicial district.

12

64. Defendants' infringement of the '596 registration has been willful, wanton, and with full knowledge of the '596 registration.

65. By reason of Defendants' conduct, Plaintiff suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

66. By reason of Defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

67. Plaintiff is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

68. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, its reputation and goodwill unless it is enjoined by this Court.

### COUNT V
### TRADEMARK INFRINGEMENT: TRAINING MASK SIMULATES HIGH ALTITUDE TRAINING® & DESIGN, U.S. REGISTRATION NO. 4,509,398 (" '398 registration")

69. Plaintiff is the owner and assignee of the entire right, title, and interest in the '398 registration.

70. Defendants have willfully infringed Plaintiff's trademark by marketing and selling products bearing the TRAINING MASK SIMULATES HIGH ALTITUDE TRAINING & Design with the exact mark as shown below on Defendants' counterfeit packaging.



71.    At least as of May 25, 2016, Defendants had constructive notice of the '398 registration and were provided actual notice of the '398 registration.

72.    The importation, use, sale of, and offer to sell of the Training Mask Products was conducted by the Defendants with the knowledge, intent, and expectation that the products would be sold and are sold and used throughout the United States, including this judicial district.

73.    Defendants' infringement of the '398 registration has been willful, wanton, and with full knowledge of the '398 registration.

74.    By reason of Defendants' conduct, Plaintiff suffered, and will continue to suffer substantial damages, all in an amount to be established at trial.

75.    By reason of Defendants' conduct, each defendant obtained benefits in the form of profits or other financial gain from the misconduct.

76. Plaintiff is entitled to, among other things, reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

77. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, its reputation and goodwill unless it is enjoined by this Court.

## COUNT VI
### Federal Unfair Competition/Trade Dress Infringement 15 U.S.C. § 1125

78. The total image of Plaintiff's patented and trademarked products, including the size, shape, color either individually or combinations thereof, product design and product packaging, constitutes protectable trade dress.

79. Plaintiff's trade dress is non-functional. It is not essential to the product's purpose and it is not dictated by concern for cost efficiency.

80. The noted Plaintiff's trade dress is distinctive; it identifies Plaintiff as the source of the product, thereby distinguishing it from other products. Additionally, over the years, the trade dress has acquired secondary meaning as, more and more, the consuming public has come to associate the sleek color scheme and product packaging of Plaintiff's patented product with Plaintiff.

81. Defendants' use of Plaintiff's exact color scheme and product packaging is likely to cause confusion among consumers.

82. Defendants' actions constitute trade dress infringement in violation of 15 U.S.C. § 1125(a). Plaintiff has been and will continue to be injured as a result of Defendants' conduct. Plaintiff has no adequate remedy at law for these injuries unless Defendants are enjoined by this Court from continuing to infringe the identified trade dress.

## COUNT VII
**Common Law Unfair Competition**

83. Defendants' unlawful conduct constitutes unfair competition as established by the common law of the State of Florida.

84. Defendants' acts were and are carried out intentionally, willfully, and maliciously with the intent to appropriate for themselves the reputation and goodwill of Plaintiff's trade dress and to cause damages and losses to Plaintiff, which damages and losses have in fact occurred.

85. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged and will continue to suffer actual damages, and has suffered and will continue to suffer irreparable harm and injury to its business reputation and goodwill unless Defendants are enjoined by this Court.

## COUNT VIII
**Florida's Deceptive and Unfair Trade Practices Act**

86. Defendants' unlawful conduct is a violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes, §501.201 *et seq*.

87. Defendants' conduct alleged herein constitutes unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of Fla. Stat. §501.201 *et seq*.

88. Defendants acted wantonly, willfully, intentionally, maliciously and with total disregard for Plaintiff's rights and property interests.

89. By reason of the foregoing conduct, Plaintiff has suffered, and will continue to suffer substantial damages, in an amount to be established at trial.

90. As a result of this conduct, each defendant obtained benefits in the form of profits or other financial gain.

91. Defendants' conduct also has caused, and will continue to cause, irreparable harm to Plaintiff's business, reputation and goodwill unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against Defendants as follows:

a) That Defendants be adjudged to have infringed the patents-in-suit, directly and indirectly, literally and/or under the doctrine of equivalents;

b) That Plaintiff be awarded damages in an amount no less than a reasonable royalty for Defendants' patent infringement;

c) That Defendants be adjudged to have consciously and willfully infringed the patents-in-suit;

d) That the damages awarded to Plaintiff with respect to each patent-in-suit be increased commensurate with Defendants' willful infringement;

e) That Defendants be adjudged to have infringed, directly and indirectly, the trademarks-in-suit;

f) That Plaintiff be awarded commensurate damages for Defendants' trademark infringement;

g) That Defendants be adjudged to have consciously and willfully infringed the trademarks-in-suit;

h) That the damages awarded to Plaintiff for trademark infringement be enhanced due to the willful trademark infringement and that Defendants be ordered to surrender for destruction all infringing materials pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118);

i) That Defendants be enjoined from any further infringement of Plaintiff's patents and trademarks;

j)  That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' acts of infringement, trade dress infringement, unfair competition and other unfair trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

k)  That Defendants be compelled to pay Plaintiff's attorney fees together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Fla. Stat. § 501.2105, and applicable law, as well as expenses and interest;

l)  Order Defendants to pay all applicable statutory damages including exceptional and/or treble damages;

m) Order Defendants to pay Plaintiff for rehabilitative advertising and price point restoration; and

n)  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: June 3, 2016               Respectfully submitted,

                                  GREENBERG TRAURIG, P.A.

                                  *s/Gregory W. Herbert*
                                  Gregory W. Herbert
                                  Florida Bar No. 0111510
                                  450 South Orange Ave., Suite 650
                                  Orlando, Florida 32801
                                  Tel: (407) 420-1000
                                  Fax: (407) 841-1295
                                  herbertg@gtlaw.com

*Attorneys for Plaintiff TrainingMask L.L.C.*

Of Counsel:
Joseph Agostino
Elina Slavin
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: (973) 360-7900
Fax: (973) 301-8410

*Attorneys for Plaintiff TrainingMask L.L.C.*