# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-22024-KMM

TRAININGMASK L.L.C., a Michigan limited liability company,

    Plaintiff,

v.

ANDVARIS VIRTUAL SOLUTIONS, INC. d/b/a ANDVARISSTORE, a Florida corporation, ANTONI FERNANDEZ, individually, and THERESA MARSHALL, individually,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff TrainingMask L.L.C. ("Plaintiff") and Defendants Antoni Fernandez, Theresa Marshall, and Andvaris Virtual Solutions, Inc. d/b/a Andvarisstore (collectively, "Defendants"), have agreed to terminate this action, subject to and conditioned upon this Court's entry of a Consent Final Judgment and Permanent Injunction as follows:

## STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Parties hereto stipulate and agree as follows.

1.    This Court has personal jurisdiction over the Defendants because they have transacted business in this State and/or have caused harm or tortious injury in this State by acts therein.

2.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1114 and 1121, 28 U.S.C. §§ 1331, 1332 and/or 1338, *et seq.*, and 35 U.S.C. §

281. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to the pendent state law claims asserted herein.

3. Plaintiff is the owner of two U.S. patents: U.S. Patent No. 9,067,086, "High Performance Ventilatory Training Mask Incorporating Multiple and Adjustable Air Admittance Valves for Replicating Various Encountered Altitude Resistances" duly issued on June 30, 2015; and U.S. Patent No. 8,590,533, "Adjustable Inhalation Resistance Exercise Device" duly issued on November 26, 2013 (collectively, "Patents").

4. Plaintiff is the owner of at least the following U.S. trademarks: ELEVATION TRAINING MASK®, U.S. Trademark Registration No. 4,094,823 duly registered on January 31, 2012; SIMULATE HIGH ALTITUDE TRAINING®, U.S. Trademark Registration No. 4,594,596 duly registered on August 26, 2014; and TRAINING MASK SIMULATES HIGH ALTITUTE TRAINING & Design®, U.S. Trademark Registration No. 4,509,398 duly registered on April 8, 2014 (collectively, "Trademarks").

5. Plaintiff develops and sells authentic resistance breathing devices that embody the inventions claimed in the Patents.

6. Plaintiff marks its website, www.trainingmask.com, its products, and its associated product packaging and inserts with the Trademarks.

7. Defendants were selling counterfeit TrainingMask products on eBay, in violation of Plaintiff's exclusive rights arising under, *inter alia*, United States patent and trademark laws.

8. Plaintiff and Defendants agree that Plaintiff is the rightful owner of the Patents and Trademarks.

9. Plaintiff and Defendants agree that Defendants will refrain from any illegal activity involving Plaintiff's Patents and Trademarks, including but not limited to conduct that violates 35 U.S.C. § 271, the Lanham Act, 15 U.S.C. §§ 1114 and 1125; Florida's common law trademark and unfair competition law; and Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, as set forth in greater detail below.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any other persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly or through or by means of any other individual or entity, infringing upon Plaintiff's Patents described above by using, marketing, selling, offering to sell, and importing counterfeit products resembling the products that Plaintiff sells.

2. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any other persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly or through or by means of any other individual or entity, infringing upon Plaintiffs' Trademarks described above by using the Trademarks, or any confusingly similar mark, on or in connection with counterfeit products, packaging, product inserts, and advertising materials.

3. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly

or indirectly or through or by means of any other individual or entity, making or displaying any statement or representation that is likely to lead consumers or the public to believe that Defendants or Defendants' counterfeit goods are in any manner licensed, sponsored, endorsed, approved, authorized by or associated, affiliated or otherwise connected with Plaintiff.

4. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly or through or by means of any other individual or entity, aiding, assisting or abetting in any act prohibited by paragraphs (A) through (C) above.

5. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from effecting or attempting to effect any transfer or assignment of any kind whatsoever, or forming any new entities of any kind or utilizing any other device, including the solicitation of other individuals, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Injunction.

6. Nothing herein constitutes or shall be construed to constitute a waiver of Plaintiff's right to obtain or seek additional remedies including the recovery of monetary damages for violations of this Permanent Injunction.

7. The Permanent Injunction shall become enforceable without further Order of this Court and this Court shall retain jurisdiction over this action and the Parties, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs

and assigns, and any and all persons in active concert or privity or in participation with any of them, for the purpose of enforcing this Permanent Injunction.

The Parties are hereby instructed to file a stipulation of dismissal within twenty (20) days from the date of this Order. The Clerk of Court is directed to administratively CLOSE this case. All pending motions are DENIED AS MOOT

DONE AND ORDERED in Chambers at Miami, Florida, this __29th__ day of August, 2016.

*[signature]*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      All counsel of record